## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

EDWARD WALLS,

CASE NO.:

3:18-cv-231-O-20JRK

Plaintiff,

v.

HAVER PROPERTIES, LLC.

INJUNCTIVE RELIEF SOUGHT

Defendant.

_____/

## COMPLAINT

Plaintiff, Edward Walls, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues Defendant, Haver Properties, LLC d/b/a Hook Fish & Chicken (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in the Florida Statutes Chapter § 760, specifically F.S. § 760.08 and alleges;

## JURISDICTION AND VENUE

1.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been vested with original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202 as well as the 2010 ADA Standards.

2.  The remedies provided by Florida Statute § 760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

3.  Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because, (1) the Defendant is located in this district, and (2) Defendant conducts business within this judicial district, and or (3) all of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this district.

## PARTIES

### PLAINTIFF

4.  Plaintiff, Edward Walls, is a resident of Duval County, Florida. The Plaintiff is a retired disabled veteran who suffers chronic pain and carpal tunnel syndrome which substantially limits his major life activities. Mr. Walls' disabilities qualify him as a protected class under the American's with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 U.S.C § 12012(1)(A) and in 42 U.S.C § 3602(h).

5.  At the time of the Plaintiff's visit to the premises (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required accessible means of entry at the subject facility.

6.  Plaintiff has visited this location in the past. Plaintiff again visited the Premises on or about 2:10 p.m. on December 26, 2017 as a "bona fide" patron with his wife who is wheelchair bound.  Plaintiff asked the cashier if the premise was ADA accessible and told "yes". However, Plaintiff was denied full and equal access to a designated handicap parking space. Plaintiff was also denied full and equal access to the restroom facility offered to the general public. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the Defendant's Premises.

7.  In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

8.  Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

9.  Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. Plaintiff has suffered irreparable harm, humiliation, degradation and discrimination in violation of his civil rights through Defendant's policies and practices of discrimination on the basis of his disability.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property. Plaintiff would like to be able to be a patron of the Premises in the future as the restaurant is on the path of travel to visit a relative's home. Plaintiff plans on regularly visiting the Aunt's home and drives this route to gain access to I-295.

11. Plaintiff desires to be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discriminatory conditions and to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. A complaint has been filed with the U.S. Department of Justice, Civil Rights Division prior to the commencement of this lawsuit. Complaint number 100053601. Reference number 18-1men1-2dq6.

## DEFENDANT

13. Defendant, Haver Properties, LLC. is a Florida corporation and is authorized to conduct, and is conducting business within the state of Florida. Haver Properties, LLC principle address is 1300 Dunn Avenue, Jacksonville, FL 32218.

14. Defendant is the owner of the commercial space of real property located at 10400 Atlantic Boulevard, Jacksonville, FL 32225.

15. Therein, the Defendant operates or leases to a restaurant known as Hook Fish & Chicken (which is also referenced as "Premise" or "subject facility").

16. The subject facility is a restaurant which is open to the general public, and therefore is a place of public accommodations pursuant to 42 U.S.C § 12181 et seq. and 28 C.F.R. § 36.302 et seq. As the owner or operator of the subject facility, Defendant is required to comply with the ADA regardless of terms of the lease agreement with the tenant. The ADA asserts that both the owner and the tenant are equally subject to the requirements of 28 C. F. R. § 36.201(b). Moreover, the court cited the DOJ Title III Technical Assistance Manual, § III-1.2000, stating: the DOJ's formal interpretation of the regulation in its Technical Assistance Manual: "Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation. The Title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective between the parties, and both landlord and tenant remain

fully liable for compliance with all provisions of the ADA relating to that place of public accommodation".

17. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. § 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. § 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

18. Pursuant to 28 C.F.R. § 36.404, all newly constructed facilities were required to comply with the Standards for New Construction and Alterations, set forth in Appendix A to 28 C.F.R. § 36.404 ("ADAAG"). Pursuant to 28 C.F.R. § 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. § 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. § 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

19. Defendant was made aware of the ADA violations and discrimination against Mr. Walls on or about January 12, 2018 by way of letter sent via Federal Express. Defendant has repudiated the opportunity to resolve this dispute outside of a court of law. Federal Express

tracking number 771207584156 was signed for on January, 15, 2018 by W. Yusef. There has been no response from the Defendant.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.    Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1-19 herein above.

21.    On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 et seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; *see also* 28 C.F.R. § 36.508(a).

22.    Congress found, among other things, that:

    a.    Some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    b.    Historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    c.    Discrimination against disabled individuals persists in such critical areas including employment, housing, public accommodations, transportation, communication, recreation, health services, voting and access to public services and public facilities;

    d.    Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria,

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1-3),(5) and (9).

23.  Congress explicitly stated that the purpose of the ADA was to:

a.  Provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b.  Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c.  Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.  Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premise is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

25.  Defendant has discriminated, and continues to discriminate against Plaintiff and others who are similarly situated by denying access to and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the

Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. Seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

26.    Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

27.    Plaintiff will return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

28.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Accessibility Guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.[1]

29.    An inspection was made confirming ADA violations at the subject facility. Findings based on the inspection of the subject property demonstrate Defendant is in violation of 42 U.S.C. § 12182 et seq. and the 2010 American Disabilities Act Standards et seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found whose resolution is readily achievable, but are not limited to:

---

[1] Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. See 28 C.F.R. § 36 and § 85.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

a. The Premises fails to provide all required features in its designated handicap parking space as required by Section 208.2.4 of the new ADAAG. It is required that van accessible spaces be 132 inches (11 feet) wide minimum with an adjacent access aisle 60 inches (5 feet) wide. Alternatively, the requirements for van accessible spaces are required to measure 96 inches (8 feet) wide minimum with an adjacent access aisle 96 inches (8 feet) wide. The boundary of the access aisle is required to be clearly marked as to discourage parking in it. State laws regulate the color of the marking; Florida is striped white. Florida state law requires van accessible spaces to be 144 inches (12 feet) width minimum, exceeding ADA requirements. The Premises designated space measures less than 11 feet wide with an adjoining 5 foot access aisle. The Premises designated space measures less than 8 feet wide with an adjoining 8 foot access aisle. Mr. Walls does operate a vehicle with a handicap placard. The date of incident he could not locate accessible parking and requires parking closest to an entrance.

b. The Premises fails to provide all required features in its designated parking spaces including wheel stops and the proper signage as required by law under Section 216.6 of the new ADAAG. The subject property has an ineffective wheel stop in the grass outside of the boundary of the parking space. It is required that a sign be mounted in front of each designated parking space to include the international symbol and a sign reading "van accessible" according to Section 216.6 of the new ADAAG. Signage is required by law to be mounted from the finished ground surface to the bottom of the sign at 60 inches minimum. This subject property offers no handicap parking space signs.

c. It is required that operable parts of door equipment be operable with one hand and not require tight grasping, pinching or twisting of the wrist per Section 309.4 of the new ADAAG. The hardware on the exterior door to this subject property requires tight grasping or pinching in violation of the law.

d. It is required that the opening force of doors not exceed 5 pounds of force per Section 404.2.9 of the new ADAAG. Mr. Walls stated during his encounter at the establishment he met significant difficulty with the unusual weight and heaviness of both the entrance and restroom doors.

e. It is required that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces are accessible. Tops of tables are required to be 26 inches minimum and 30 inches maximum above the finished floor and allow for clear floor space under the table for knee and toe clearance per Sections 226.1, 902.4-902.4.2 of the new ADAAG. The Premises does not offer 5 percent handicap accessible seating. The Premises only offers fixed booth seating in violation of the law. On the date of incident, Mr. Walls visited the establishment with his wife who is also disabled and wheelchair bound. It was their intention to dine inside the facility, however seating precluded them from doing so.

f. The law requires an exit sign to doors at exit passageways with tactile signs as required by Sections 216.4.1, 703.1, 703.2 and 703.5 of the new ADAAG. Tactile signs are required to be located alongside the door latch side. Tactile signs at double doors with one active leaf are required to be located on the inactive leaf in accordance with Section 703.4.2 of the new ADAAG. This Premises does not have a tactile exit sign located along the latch side of the door as required by law.

g. It is required that there is a circular maneuvering clearance and turning space for a wheelchair user around water closets according to Section 603 of the new ADAAG. It is required that there is a circular maneuvering clearance of 60 inches (1525 mm) in diameter minimum per Section 304.3.1 of the new ADAAG. Turning space for a T-shaped space is required to be 60 inches (1525 mm) square minimum with arms and a base of 36 inches (915 mm) wide minimum per Section 304.3.2 of the new ADAAG. It is required that each arm of the T-shaped space be clear of obstructions, 12 inches (305 mm) minimum in each direction and the base be clear of obstructions 24 inches (610 mm) minimum. This subject property's restroom stall measures less than the required minimum space both in diameter and for a T-shaped turning space as required by law to accommodate individuals with mobility impairments needing a wheelchair.

h. It is required that public restrooms have signs with the international symbol designation, with contrasting text characters, braille, and mounted between 48 inches-60 inches from the finished floor in accordance to Sections 703.5, 703.2, 703.3, 703.4.2, 703.4.1 of the new ADAAG. This Premises does not have signs on either public restroom door with the international symbol designation or required braille text characters.

i. The law requires the centerline of the toilet to be no less than 16 inches and no greater that 18 inches from the side wall according to Section 604.2 of the new ADAAG. The centerline of the toilet in the restroom measures 19 inches from the side wall.

j. It is required that the height of the water closet be no less than 17 inches and no greater than 19 inches from the floor as required by Section 604.4 of the new

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

ADAAG. This Premises toilet measures 15 inches in height which is less than what is required by law.

k.  The law requires that lavatory faucets be operable with one hand and not require tight grasping, pinching or twisting of the wrist according to Section 309.4 of the new ADAAG. The subject facility's restroom sink has faucets which require tight grasping or twisting of the wrist.

l.  It is required that handles, pull, latches, locks and hardware on doors be 34 inches minimum and 48 inches maximum above the finished floor according to Section 404.2.7 of the new ADAAG. This subject property's interior restroom locks are mounted higher than the required 48 inch maximum from the finished floor.

m.  The law requires that if a fixed element, such as a soap dispenser, is over an obstruction, such as a sink, that the high reach must be 48 inches maximum according to Section 308.2.2 of the new ADAAG. The subject property's liquid soap dispenser is mounted over the sink and is higher than 48 inches from the finished floor.

n.  It is required that the mounting heights of the fixed paper towel dispenser not exceed 48 inches the finished floor according to Section 308.2 of the new ADAAG. The Premise has a mounted fixed paper towel holder mounted higher than the 48 inch requirement.

o.  It is required that mirrors located above lavatories or countertops are to be mounted with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum from the finished floor according to Section 603.3 of the new ADAAG. The bottom edge of the mirrors provided by this subject property are mounted greater than 40 inches from the finished floor.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

p.  It is required by law that the water supply and drain pipes under sinks are to be insulated according to Section 606.5 of the new ADAAG. The subject property's restroom sinks have exposed water supply and drain pipes.

27.  The violations present at Defendant's facility, create a hazard to Plaintiffs' safety.

28.  The violations present at Defendant's facility infringe Plaintiffs' rights to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant has contributed to the Plaintiffs' sense of mental anguish and loss of dignity. The Plaintiff has been deprived of the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public, and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant continues to deprive the Plaintiff the equality of opportunity offered to the general public.

29.  Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

30.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject facility at 10400 Atlantic Boulevard, Jacksonville, FL 32225 to make the facility readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, Plaintiff demands judgment against Defendant and respectfully requests the following injunctive and declaratory relief:

a.  The Court declares that the Defendant is in violation of the ADA and order the building and the attendant business (restaurant) therein to be closed to the public until such time that they are deemed by this Court to be accessible;

b.  As such, in case of Defendant failing to file any paper or pleading as required by law and defaults, Plaintiff seeks an Order of this Court enjoining Defendant from further or continuing operations until such time as Defendant demonstrates that it is in compliance with the requirements of the ADA in its business operations;

c.  The Court enter an Order requiring Defendant to alter the building and the attendant business (restaurant) therein such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d.  The Court enter an Order directing Defendant to evaluate and make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; to safeguard that no individual with a disability using an auxiliary aid or device is excluded, denied services, segregated or otherwise treated differently than other individuals.

e.  The Court award reasonable attorney's fees, costs and litigation expenses (including, but not limited to court costs and any expert fees) pursuant to 42 U.S.C. § 12205.

f.  The Court awards such other and further relief as it deems necessary, just and proper.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

## COUNT II – VIOLATION OF FLORIDA STATUTE § 760

31.    Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1-19 herein above.

32.    The Defendant has violated Florida Statute § 760, which provides "all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodations, without discrimination or segregation on the grounds of a handicap."

33.    The violations of Florida law were deliberate and knowing.


**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following injunctive and declaratory relief against the Defendant:

a.    The Court issue a Declaratory Judgment that the policies and procedures of the Defendant have jointly and separately violated Florida Statute § 760 in that the Defendant has failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law;

b.    An Order mandating that the Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable timeframe;

c.    An award for compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

c.    An award of reasonable costs and attorney's fees; and

d.    Award any and all other relief as the Court deems necessary and appropriate.

**FEDERAL DISABILITY ADVOCATES**
**ATTORNEYS AT LAW**

Dated this 9th day of February, 2018

Respectfully submitted by,
Attorney for Plaintiff

By:_____

Robert C. Gibson
contact@4lawdoc.com
Fla Bar No. 0054998
The Law Office of Robert Gibson, P.A.
9408 Arlington Expressway
Jacksonville, Fl. 32225
Tel: 904-273-3000
Fax: 877-978-9797

16
FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2018, I process served the foregoing document on the registered agent for Defendant Haver Properties, LLC, Howard J. Smith, Esq., 4540 Southside Boulevard, Suite 202, Jacksonville, FL  32216.

**The Law Office of Robert Gibson, P.A.**

By: _/s/ Robert C. Gibson_
Robert Gibson, Esq.
Fla Bar No. 0054998
9408 Arlington Expressway
Jacksonville, FL 32225
Office: 904-273-3000
Fax: 1-877-978-9797
Email: Contact@4lawdoc.com