UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD WALLS,                                                 Case No: 3:18-cv-231-J-20JRK

        Plaintiff,

v.

HAVER PROPERTIES, LLC.

        Defendant.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**

    Plaintiff, EDWARD WALLS, by and through the undersigned attorney, hereby moves this honorable court for entry of default final judgment against HAVER PROPERTIES, LLC. ("Defendant") in this cause, and as good cause for the motion shows as follows:

    On February 13, 2018, Defendant the owner of commercial real property located at 10400 Atlantic Boulevard, Jacksonville, FL 32225 was served with summons and the complaint in this Cause at their principle business address of 1300 Dunn Avenue, Jacksonville, FL 32218. Plaintiff showed proof of service to the Court on June 6, 2018.

    More than 21 days have passed and, as of this date, Defendant has failed to file any paper or pleading as required by law.

Plaintiff seeks relief in this cause by way of a declaratory judgment in that Defendant has violated the Americans with Disabilities Act ("ADA"), and a judgment ordering and compelling Defendant to comply with the ADA by correcting the following violations at its commercial property located at 10400 Atlantic Boulevard, Jacksonville, FL 32225 which it operates or leases as a restaurant known as Hook Fish & Chicken; and bring such location into compliance with the ADA. The following violations to be corrected are readily achievable:

1. The Premises fails to provide all required features in its designated handicap parking space as required by Section 208.2.4 of the new ADAAG. It is required that van accessible spaces be 132 inches (11 feet) wide minimum with an adjacent access aisle 60 inches (5 feet) wide. Alternatively, the requirements for van accessible spaces are required to measure 96 inches (8 feet) wide minimum with an adjacent access aisle 96 inches (8 feet) wide. The boundary of the access aisle is required to be clearly marked as to discourage parking in it. State laws regulate the color of the marking; Florida is striped white. Florida state law requires van accessible spaces to be 144 inches (12 feet) width minimum, exceeding ADA requirements. The Premises designated space is less than 11 feet wide with an adjoining 5 foot access aisle. The Premises designated space is less than 8 feet wide with an adjoining access aisle of 8 feet.

2. The subject property fails to provide all features in its designated parking spaces including wheel stops and the proper signage as required by law under Section 216.6 of the new ADAAG. The subject property has an ineffective wheel stop in the grass

outside the boundary of the parking space. It is required that a sign be mounted in front of each designated parking space to include the international symbol and a sign reading "van accessible" according to Section 216.6 of the new ADAAG. Signs shall be 60" minimum above the finished floor or ground surface. The subject property offers no handicap parking space signs.

3. The subject property fails to provide operable parts of doors of door equipment that can be operated with one hand and not require tight grasping, pinching or twisting of the wrist per Section 309.4 of the new ADAAG. The exterior door hardware to this property currently requires tight grasping or pinching in violation of the law.

4. It is required that the opening force of doors not exceed 5 pounds of force per Section 404.2.9 of the new ADAAG. Mr. Walls stated during his encounter at the establishment he met significant difficulty with the unusual weight and heaviness of both the entrance and restroom doors.

5. It is required that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces are accessible. Tops of tables are required to be 26 inches minimum and 30 inches maximum above the finished floor and allow for clear floor space under the table for knee and toe clearance per Sections 226.1, 902.4-902.4.2 of the new ADAAG. The Premises does not offer 5 percent handicap accessible seating. The Premises only offers fixed booth seating in violation of the law. On the date of incident, Mr. Walls visited the establishment with his wife who is also disabled and wheelchair bound. It

was their intention to dine inside the facility, however seating precluded them from doing so.

6. The law requires an exit sign to doors at exit passageways with tactile signs as required by Sections 216.4.1, 703.1, 703.2 and 703.5 of the new ADAAG. Tactile signs are required to be located alongside the door latch side. Tactile signs at double doors with one active leaf are required to be located on the inactive leaf in accordance with Section 703.4.2 of the new ADAAG. This Premises does not have a tactile exit sign located along the latch side of the door as required by law.

7. It is required that there is a circular maneuvering clearance and turning space for a wheelchair user around water closets according to Section 603 of the new ADAAG. It is required that there is a circular maneuvering clearance of 60 inches (1525 mm) in diameter minimum per Section 304.3.1 of the new ADAAG. Turning space for a T-shaped space is required to be 60 inches (1525 mm) square minimum with arms and a base of 36 inches (915 mm) wide minimum per Section 304.3.2 of the new ADAAG. It is required that each arm of the T-shaped space be clear of obstructions, 12 inches (305 mm) minimum in each direction and the base be clear of obstructions 24 inches (610 mm) minimum. This subject property's restroom stall measures less than the required minimum space both in diameter and for a T-shaped turning space as required by law to accommodate individuals with mobility impairments needing a wheelchair.

8. It is required that public restrooms have signs with the international symbol designation, with contrasting text characters, braille, and mounted between 48 inches-60 inches from the finished floor in accordance to Sections 703.5, 703.2, 703.3, 703.4.2, 703.4.1 of the

new ADAAG. This Premises does not have signs on either public restroom door with the international symbol designation or required braille text characters.

9. The law requires the centerline of the toilet to be no less than 16 inches and no greater that 18 inches from the side wall according to Section 604.2 of the new ADAAG. The centerline of the toilet in the restroom measures 19 inches from the side wall.

10. It is required that the height of the water closet be no less than 17 inches and no greater than 19 inches from the floor as required by Section 604.4 of the new ADAAG. This Premises toilet measures 15 inches in height which is less than what is required by law.

11. The law requires that lavatory faucets be operable with one hand and not require tight grasping, pinching or twisting of the wrist according to Section 309.4 of the new ADAAG. The subject facility's restroom sink has faucets which require tight grasping or twisting of the wrist.

12. It is required that handles, pull, latches, locks and hardware on doors be 34 inches minimum and 48 inches maximum above the finished floor according to Section 404.2.7 of the new ADAAG. This subject property's interior restroom locks are mounted higher than the required 48 inch maximum from the finished floor.

13. The law requires that if a fixed element, such as a soap dispenser, is over an obstruction, such as a sink, that the high reach must be 48 inches maximum according to Section 308.2.2 of the new ADAAG. The subject property's liquid soap dispenser is mounted over the sink and is higher than 48 inches from the finished floor.

14. It is required that the mounting heights of the fixed paper towel dispenser not exceed 48 inches the finished floor according to Section 308.2 of the new ADAAG. The Premise has a mounted fixed paper towel holder mounted higher than the 48 inch requirement.

15. It is required that mirrors located above lavatories or countertops are to be mounted with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum from the finished floor according to Section 603.3 of the new ADAAG. The bottom edge of the mirrors provided by this subject property are mounted greater than 40 inches from the finished floor.

16. It is required by law that the water supply and drain pipes under sinks are to be insulated according to Section 606.5 of the new ADAAG. The subject property's restroom sinks have exposed water supply and drain pipes

**WHEREFORE**, Plaintiff demands judgment against Defendant and respectfully requests the following injunctive and declaratory relief:

Plaintiff further seeks his reasonable attorney's fees and costs for having brought this action to a final judgment.

Pursuant to Rule 55, Fed. R. Civ. P., when a complaint seeks relief other than clearly established monetary relief, the plaintiff must move the Court for entry of default final judgment, and not the clerk.  In this case, Plaintiff does not seek money damages, only affirmative relief from the Court.

All of the allegations stated in Plaintiffs complaint are well-pleaded, and Plaintiff has pleaded clear entitlement to the relief sought in the complaint, based upon the allegations thereof. By Defendant's failure to respond to the complaint, Defendant is deemed to have admitted the

existence and veracity of the allegations of ADA violations set forth in the complaint, and Plaintiff has pleaded for relief from same that is consistent with, and authorized by, the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

WHEREFORE, Plaintiff respectfully requests this motion be granted, and that the Court enter judgment accordingly, reserving jurisdiction for Plaintiff to file a timely motion to tax fees and costs.

                              Respectfully Submitted,

                              By:  */s/ Robert C. Gibson*

                                    Robert Gibson, Esq.
                                    FL Bar No. 0054998
                                    **The Law Office of Robert Gibson**
                                    A Professional Association
                                    14322 Cottage Lake Rd.
                                    Jacksonville, FL 32224
                                    Telephone: 904-273-3000
                                    Fax: 1-877-978-9797
                                    Email: Contact@4lawdoc.com
                                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2018 a true and correct copy of the foregoing was served via US mail to: Haver Properties, LLC., 1300 Dunn Avenue, Jacksonville, FL 32218.

Respectfully Submitted,
Attorney for Plaintiff

By: */s/   Robert C. Gibson*
Robert Gibson, Esq.
FL Bar No. 0054998